UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JESSICA C. GRAHAM,

                Plaintiff,

       -against-

AMIR YAZDANI, et al.,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-6020 (PKC)

PAMELA CHEN, United States District Judge.

    On October 10, 2014, Plaintiff Jessica C. Graham filed this *pro se* action against physicians and other medical staff who treated her for a variety of alleged medical conditions. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

## Background

    Although unclear, Plaintiff alleges that Doctor Yazdani refused to accept Plaintiff's assertions that she had previously been diagnosed with an atrial septal defect ("ASD"), and chronic sinusitis. Instead, Doctor Yazdani referred plaintiff to a cardiologist and an otolaryngologist ("ENT"), to confirm Plaintiff's assertions. Dkt. 1 at 3-5.[1] Plaintiff alleges that the contradictory medical information that is contained in her records is slowing down her application for Social Security disability. Dkt. 1 at 6. Plaintiff seeks monetary damages, to have the defendants terminated from their positions, and to have her medical records corrected. Dkt. 1 at 7.

---

[1] The Court has paginated Plaintiff's complaint for ease of reference.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

Plaintiff invokes jurisdiction of this Court under 18 U.S.C. §§ 241, 242, 371 and 1347. *See* Dkt. 1 at 2. These federal criminal statutes provide no basis for plaintiff's claims because private persons cannot institute criminal prosecutions in the United States. Thus, Plaintiff lacks standing to bring a claim under these statutes. *See Leeke v. Timmerman,* 454 U.S. 83, 85 (1981) (a private

citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action); *McRae v. Norton*, No. 12 CV 1537, 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012) (18 U.S.C. § 371 is a criminal statute that does not give rise to a private cause of action); *Lodrini v. Sebelius*, No. 14 CV 3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241 and 242 are criminal statutes that do not give rise to private causes of action).

Moreover, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–3 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Moore v. Angiuli & Gentile, LLP*, No. 12 CV 2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Both Plaintiff and Defendants appear to be citizens of New York, and thus diversity of citizenship is lacking. Further, the Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine,* 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky,* 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [she] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)).

Here, to the extent that Plaintiff seeks assistance from the Court in resolving a dispute with her private physician regarding the diagnosis that is contained within her medical records, this Court lacks jurisdiction to hear her claim. As Plaintiff has not raised any issue arising under federal law or any other basis for this Court's subject matter jurisdiction, her claims against defendants must be dismissed.

## Conclusion

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
      October 31, 2014